## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| VICTOR STERLING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:23-CV-01082-DII-ML |
| | § | |
| UNITED STATES OF AMERICA; | § | |
| SECRETARY OF THE NAVY; and FNU | § | |
| LNU, COMMANDING OFFICER OF THE | § | |
| NAVAL STATION LONG BEACH, | § | |
| CALIFORNIA, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO DISMISS

Defendants the United States of America, the Secretary of the Navy, and the Commanding Officer of the Naval Station Long Beach, California (together "Defendants") move to dismiss Plaintiff Victor Sterling's Complaint, ECF No. 1, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Sterling asserts civil rights claims under the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act ("ADA") based on medical treatment that Defendants provided nearly 40 years ago for an injury Sterling incurred while serving in the U.S. Navy. Those claims, however, are barred by the *Feres* doctrine and the applicable statutes of limitations. Sterling also fails to identify a waiver of Defendants' sovereign immunity for his claims. Moreover, Sterling does not state a prima facie case for his Fourteenth Amendment and ADA claims. Accordingly, this Court should dismiss the Complaint.

### Background

Sterling entered the U.S. Navy in March 1981. *See* Compl. Exh. at 1, ECF No. 1-2. Sterling subsequently underwent surgery to treat a knee injury that he sustained while serving on board the

U.S.S. John A. Moore (FFG-19). Compl. 2. Sterling was prescribed morphine for pain, and he developed a morphine addiction. *Id.* In January 1983, Sterling was arrested by civilian authorities for possession of phencyclidine (PCP) with intent to distribute. Compl. Exh. at 1, ECF No. 1-2. Sterling was convicted of his charges in September 1983 and discharged from the Navy under other than honorable conditions in October 1984. *Id.*; *see also* Compl. 2. As a result, Sterling was barred from receiving benefits from the Department of Veterans Affairs ("VA"). Compl. 2.

Sterling filed his Complaint on September 11, 2023, naming "the United States of America, the Secretary of the Navy, and the commanding officer of the Naval Station Long Beach, California"[1] as defendants. Compl. 1. Sterling asserted a 42 U.S.C. § 1983 claim alleging that Defendants failed to adequately treat his morphine addiction. *Id.* According to Sterling, he entered service with a pre-existing mental health condition ("pseudobulbar affect") which, along with post-traumatic stress disorder ("PTSD") symptoms, predisposed him to drug abuse. *See id.* at 2-3. Sterling claims that Defendants' failure to treat his morphine addiction resulted in his civil conviction and other-than-honorable discharge. *Id.* at 2.

After the Court ordered Sterling to file a more definite statement, *see* Order, ECF No. 6, Sterling clarified that he asserts two claims, *see* More Definite Statement 2-3, ECF No. 12. First, Sterling alleges that Defendants' failure to provide adequate treatment for his morphine addiction violates the Fourteenth Amendment's Equal Protection Clause. *Id.* at 2. Second, Sterling alleges that Defendants violated the ADA by failing to provide him with "reasonable accommodations" for his morphine addiction, severe depression, and anxiety. *Id.* at 3. Sterling seeks a declaration that Defendants violated his constitutional and statutory rights, an order upgrading his discharge,

---

[1] Long Beach Naval Station permanently closed on September 30, 1994. *See Former Long Beach Naval Complex*, U.S. NAVY, https://www.bracpmo.navy.mil/BRAC-Bases/California/Former-Long-Beach-Naval-Complex/ (last visited Jan. 8, 2024).

an order directing the VA to restore his financial and healthcare benefits, back pay, and punitive damages. *Id.*; *see also* Compl. 4.

## Legal Standard

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, *(Miss. Pls.)*, 668 F.3d 281, 286 (5th Cir. 2012). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The party asserting jurisdiction has the burden of establishing it." *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020). Where jurisdiction is challenged, a court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "A district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based 'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)).

This Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the complaint need not contain detailed factual

allegations, it must include sufficient factual allegations, assumed to be true, "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Although pro se plaintiffs are held to more lenient standards than attorneys, they must still plead factual allegations that raise a right to relief above the speculative level. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### Argument & Authorities

## I.    This Court should dismiss the Complaint for lack of subject matter jurisdiction.

Sterling fails to meet his burden to establish jurisdiction over his claims. First, Sterling's Complaint alleges an injury incident to his military service and thus is barred by the *Feres* doctrine. Plus, Sterling's claimed injury—inadequate medical treatment for a morphine addiction that resulted in his other-than-honorable discharge—occurred nearly 40 years ago, far beyond the limitations periods for his claims. And Sterling fails to identify a waiver of Defendants' sovereign immunity that would allow his claims to survive. Accordingly, the Complaint should be dismissed.

### A.    The *Feres* doctrine bars Sterling's claims because his alleged injury is incident to his military service.

Sterling's claims are non-justiciable under the *Feres* doctrine. Sterling alleges that Defendants failed to provide him treatment for a morphine addiction that he developed while being treated by Defendants for an active-duty injury. As a result, Sterling's injury is incident to his military service, and Sterling is precluded from pursuing his claims against Defendants.

4

The *Feres* doctrine precludes military members from pursuing claims against the United States for injuries that arose from or during activity incident to military service. *See Feres v. United States*, 340 U.S. 135, 146 (1950). The Fifth Circuit "has categorized the *Feres* doctrine as one of justiciability." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). As a result, "[t]he *Feres* doctrine bars a service person's FTCA [(Federal Tort Claims Act)] claims for in-service injuries whether filed before or after discharge." *Gaspard v. United States*, 713 F.2d 1097, 1100 (5th Cir. 1983). It also bars *Bivens*[2] claims seeking money damages for constitutional violations. *See United States v. Stanley*, 483 U.S. 669, 684 (1987) ("[N]o *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service.'"). "Although the Supreme Court has only considered this issue in the context of FTCA and *Bivens* claims," the Fifth Circuit "held that *Feres* bars all lawsuits based on injuries incident to military service." *Morris*, 852 F.3d at 419-20 (citing *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035-36 (5th Cir. 1986)).

"It is the military environment, not the nature of the claim, that is controlling." *Filer v. Donley*, 690 F.3d 643, 650 (5th Cir. 2012). Courts consider three factors when determining whether an injury is incident to military service: "(1) the duty status of the service member; (2) the place where the injury occurred; and (3) the activity in which the service member was engaged at the time of the injury." *Morris*, 852 F.3d at 421. The Fifth Circuit often treats "the serviceman's duty status as the most important factor because it indicates the nature of the nexus between the serviceman and the Government at the time of injury." *Schoemer v. United States*, 59 F.3d 26, 28-29 (5th Cir. 1995).

---

[2] Although Sterling asserted a claim under 42 U.S.C. § 1983, *see* Compl. 1, that statute does not apply to federal officials. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *infra* pp.12-13. Given Sterling's *pro se* status, this Motion construes his claims under the federal analog to Section 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The Fifth Circuit interprets *Feres* "to prohibit judicial review of military employment-related decisions." *Filer*, 690 F.3d at 648; *see also Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 301 (5th Cir. 2008) (explaining that courts may not reconsider personnel management "decisions [that] are integral to the military structure" such as claims related to "discharge or that otherwise involve the military hierarchy"); *Williams v. Wynne*, 533 F.3d 360, 368 (5th Cir. 2008) (concluding that military service member could not challenge his discharge for positive drug test while on active status because the discharge was "a military personnel management decision"). In *Brown v. United States*, for example, an Air Reserve Technician alleged that his discharge was discriminatory and retaliatory. 227 F.3d 295, 297 (5th Cir. 2000). The court held that Title VII waived sovereign immunity only for claims by civilian employees, not members of the armed services. *Id.* at 299. Because Brown sought review of actions taken by the military forming the basis of his military discharge, the court concluded that his discharge claims were non-reviewable "military personnel decisions." *Id.*

Additionally, "[m]edical malpractice by a physician employed by the military, in a military hospital, and in the course of treatment of a person in active military service has been clearly held to fall within 'the course of activity incident to service.'" *Hayes v. United States ex rel. United States Dep't of Army*, 44 F.3d 377, 378-79 (5th Cir. 1995) (quoting *Shults v. United States*, 421 F.2d 170, 171-72 (5th Cir. 1969)). In *Hayes*, an active member of the Army, underwent elective surgery performed by an Army physician to treat a hernia unrelated to any military activity or duty. *Id.* at 378. The Army physician failed to properly respond to a severed vein during the surgery, and the service member died. *Id.* Nevertheless, because the severed vein occurred during treatment by a military physician, it was "incident to service" and thus not actionable. *Id.* at 379.

6

Although "[p]ost-service torts . . . are not subject to the *Feres* bar," continuing torts that originate during service are barred. *See Gaspard*, 713 F.2d at 1100-01. *Gaspard* involved two servicemen who alleged injuries from in-service radiation exposure during atomic weapons testing. *Id.* at 1099. The servicemen attempted to allege separate, post-service torts based on an independent duty to warn them of radiation dangers after their separation from service as scientific knowledge increased. *Id.* at 1100-01. The court, however, concluded that the duty to warn arose while the servicemen where in the service and not after discharge, and thus the servicemen's pleadings "clearly point to one continuing tort" rather than "post-discharge failures to warn." *Id.* at 1101. Thus, the *Feres* doctrine left the court "without jurisdiction to entertain the claims." *Id.*

Here, Sterling alleges an injury incident to his military service. First and foremost, although there is some discrepancy in the precise dates, those differences are immaterial. There is no dispute that Sterling was a member of the Navy during the events giving rise to the injuries alleged in his Complaint. *See* Compl. 1-2 (alleging that Sterling was a member of the United States Navy from March 1982 to October 1985); Compl. Exh. at 1, ECF No. 1-2 (noting that Sterling entered the U.S. Navy in March 1981 and was discharged in October 1984). Moreover, Sterling alleges that he was injured "while serving on board the USS John A. Moore FFG-19." Compl. 2. And he underwent surgery and was prescribed morphine for pain. *Id.* Sterling then alleges that he developed an addiction, which resulted in his civil conviction for drug sales, discharge from the Navy, and denial of VA benefits. *See id.*; More Definite Statement at 2-3, ECF No. 12; *see also* Compl. 3 ("The command's intentional failure to provide adequate care and indifference to the plaintiff was the proximate cause of his addiction, conviction, and discharge."). In other words, Sterling alleges an injury that he incurred during his service in the U.S. Navy (inadequate treatment

for his morphine addiction) that led to his discharge. Sterling asks this Court to review his discharge. *See* Compl. 4. Such actions, however, are not reviewable under the *Feres* doctrine.

**B.      Sterling's claims are time-barred by the applicable statutes of limitations.**

Sterling asserts two causes of action: one for a violation of the Fourteenth Amendment's Equal Protection Clause and another for a violation of the Americans with Disabilities Act. *See* More Definite Statement 2-3, ECF No. 12. Both claims are based on Defendants' alleged failure to provide adequate treatment for his morphine addiction nearly 40 years ago. Sterling's claims are time-barred and must be dismissed.

"Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). "[T]he statute of limitations period on a *Bivens* claim is two years, the statute of limitations governing personal injuries in Texas." *Id.* at 573. The same is true for ADA claims. *See Frame v. City of Arlington*, 657 F.3d 215, 237 & n.113 (5th Cir. 2011) (applying two-year limitations period to ADA and Rehabilitation Act claims). And any FTCA claim—to the extent one may be liberally construed from Sterling's allegations of inadequate medical care—must have been presented for administrative resolution "within two years after such claim accrues." 28 U.S.C. § 2401(b). Moreover, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). "The principal purpose of statutes of limitations is to 'protect defendants and courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.'" *Geyen v. Marsh*, 775 F.2d 1303, 1308 (5th Cir. 1985) (quoting *United States v. Kubrick*, 444 U.S. 111, 117 (1979)).

Challenges to military discharge decisions accrue on the date of discharge. *See, e.g.*, *id.* at 1307-08; *Young v. United States*, 529 F.3d 1380, 1383 (Fed. Cir. 2008)[3] ("[A] cause of action for monetary losses resulting from a wrongful discharge accrues the date of discharge."). In *Geyen*, a former Army service member received an undesirable discharge in August 1972 after he went AWOL. 775 F.2d at 1305. Geyen petitioned for an upgraded discharge from the Army Discharge Review Board in December 1979, petitioned the Army Board for Correction of Military Records ("ABCMR") in February 1982, and sued in federal court in August 1983. *Id.* at 1305-06. The court concluded that Geyen's cause of action accrued at the latest in 1972 when he was discharged, not when the ABCMR took its final action. *Id.* at 1307-08. More than seven years elapsed between his discharge and any administrative review that could have tolled the limitations period, so Geyen's claim was barred by the six-year limitations period. *Id.* at 1308 (citing 28 U.S.C. § 2401(a)).

Sterling's claims are barred by the two-year limitations periods as well as the six-year limitations period for civil actions against the United States. Sterling alleges that, between 1981 and 1984, Defendants provided inadequate medical care following his knee surgery, which led to a morphine addiction, civilian arrest, and conviction, and Sterling's other-than-honorable discharge from the Navy. *See* More Definite Statement 2, ECF No. 12 ("Plaintiff's complaint alleges that Defendant failed to provide him with adequate treatment for a morphine addiction that was introduced to him by Defendant's agents during post-surgery care for an active duty injury."). In other words, time thus began to run on Sterling's claims at the latest when he was discharged

---

[3] As relief, Sterling seeks an unspecified amount of back pay in addition to an order upgrading his discharge. *See* Compl. 4. Suits by former service members seeking back pay are governed by the rules of the Federal Circuit. *See Geyen v. Marsh*, 782 F.2d 1351, 1352 & n.1 (5th Cir. 1986). And if Sterling's claims exceed $10,000, the Court of Federal Claims has exclusive jurisdiction. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Amoco Prod. Co. v. Hodel*, 815 F.2d 352, 358 (5th Cir. 1987).

from the Navy under other than honorable conditions in October 1984. *See* Compl. Exh. at 1, ECF No. 1-2. Sterling, however, filed the Complaint nearly 40 years after his discharge.

Although Sterling's Complaint includes a December 2021 advisory opinion from the Board for Correction of Naval Records ("BCNR"), *see* Compl. Exh. 1, ECF No. 1-2, that opinion is irrelevant to the accrual of his claim. Sterling specifically challenges the medical care provided by Defendants in the early 1980s that he alleges led to his discharge, not the BCNR's 2021 decision.[4] *See, e.g.*, Compl. 2; More Definite Statement 2-3, ECF No. 12. As a result, Sterling's cause of action, like the service member's claim in *Geyen* seeking an upgraded discharge, accrued at the latest in October 1984. And, like in *Geyen*, Sterling does not indicate that he sought BCNR review within six years of his discharge that would toll the running of the statute of limitations. There is thus no basis to toll the statute of limitations based on Sterling's effort to seek review of his discharge from the BCNR. Regardless, tolling is unavailable for his back pay claims. *See Geyen*, 782 F.2d at 1352 & n.1 ("The Federal Circuit . . . does not permit tolling."); *Young*, 529 F.3d at 1384 (explaining that claim seeking back pay after discharge is not susceptible to equitable tolling). Thus, any claim related to Sterling's discharge accrued in October 1984, and the statute of limitations would have run by October 1990 at the latest. Because Sterling did not file his complaint until 2023, his claims are untimely.

### C.  Sterling does not identify an applicable waiver of Defendants' sovereign immunity.

Even if Sterling's claims were timely filed and could be construed as unrelated to his military service, this Court still lacks jurisdiction. "[S]overeign immunity shields the Federal

---

[4] The Administrative Procedure Act's waiver of sovereign immunity for any challenge to the BCNR's decision would not apply to Sterling's request for back pay. *See King v. United States Dep't of Veterans Affairs*, 728 F.3d 410, 416 (5th Cir. 2013) ("[T]he APA waives sovereign immunity only for claims 'seeking relief other than money damages.'" (quoting 5 U.S.C. § 702)).

Government and its agencies from suit" unless the United States has waived its right to sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This immunity extends to federal officials acting in their official capacities. *See Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011) ("[C]laims against officers of the United States in their official capacities are actually claims against the sovereign."). "Plaintiff[s] bear[] the burden of showing Congress's unequivocal waiver of sovereign immunity." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)). The waiver of sovereign immunity "must be unequivocally expressed in statutory text and will not be implied." *Id.* at 335 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Here, the United States has not waived sovereign immunity for Sterling's Fourteenth Amendment or ADA claim. And, to the extent Sterling's complaint may be liberally construed to include a tort claim, he fails to satisfy the jurisdictional requirements under the FTCA.

### 1.    Sovereign immunity bars Sterling's Fourteenth Amendment claim.

Sterling originally asserted a claim under 42 U.S.C. § 1983 for a violation of his constitutional rights. *See* Compl. 1. Sterling later clarified that he is seeking money damages and injunctive relief as a result of an alleged violation of the Fourteenth Amendment's Equal Protection Clause by federal officials. Compl. 4; More Definite Statement 2, ECF No. 12.

Sterling's claim should be dismissed because the Fourteenth Amendment does not apply to the federal government. "[T]he Fourteenth Amendment applies only to state actors, not federal actors." *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002); *see also id.* at 233 (concluding that plaintiff could not bring a Fourteenth Amendment claim against the EEOC or EEOC officials); U.S. CONST. amend. XIV, § 1 ("***No State*** shall . . . deny to any person within its jurisdiction the

equal protection of the laws." (emphasis added)); *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) ("[A]ctions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment."); *McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998) (concluding that plaintiff "cannot, as a matter of law, maintain a Fourteenth Amendment claim" under *Bivens* because of Defendants' "deeds as federal employees and actors"). Sterling does not allege the violation of any other constitutional provision, and thus his constitutional claim should be dismissed.

In the same vein, Section 1983 does not waive federal sovereign immunity. *See Shalala*, 164 F.3d at 286 ("This Court has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity"). "Section 1983 provides a remedy for the deprivation of a constitutional right by a state actor or someone acting under color of state law." *See Adams v. Schmidt*, 612 F. App'x 781, 783 (5th Cir. 2015) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)). "[I]t is well-settled that federal officials 'are not subject to suit under § 1983.'" *Id.* (quoting *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)); Congress has not created an analogous cause of action against federal officials. *See Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). Instead, the Supreme Court recognized a cause of action for damages for violations of constitutional rights by federal officials in *Bivens*.

Sterling's claim, however, still fails even when liberally construed under *Bivens*. *Bivens* recognized a private claim for money damages against federal officials who, acting under color of federal law, violate an individual's constitutional rights. 403 U.S. at 397. But *Bivens* "provides a cause of action only against government officers in their individual capacities." *Shalala*, 164 F.3d at 286. A plaintiff may bring a *Bivens* action only against individual officials, not the United States or its agencies. *See Meyer*, 510 U.S. at 486 ("An extension of *Bivens* to agencies of the Federal

Government is not supported by the logic of *Bivens* itself."); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982) (explaining that "[t]he Constitution does not waive the Government's sovereign immunity in a suit for damages," and that a "suit for damages against the United States based on the Constitution is not contemplated by Bivens and its progeny").

Here, Sterling cannot rely on *Bivens* because he brings only official-capacity claims. Sterling alleges that Defendants provided inadequate medical treatment for a morphine addiction following a service-related injury, which resulted in disability discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. More Definite Statement 2, ECF No. 12. There is no indication that Defendants are sued in their individual capacities. Additionally, Sterling does not assert a viable constitutional claim that would vest this Court with jurisdiction. The Fourteenth Amendment does not apply to the federal government, and Sterling does not allege any other constitutional violation. Accordingly, Sterling fails to identify a waiver of sovereign immunity, and his constitutional claim should be dismissed.

### 2.       Sovereign immunity bars Sterling's ADA claim.

Sterling similarly has not identified a waiver of sovereign immunity for his claim that Defendants violated the ADA in failing to provide reasonable accommodations for his morphine addiction, depression, and anxiety. *See* More Definite Statement 3, ECF No. 12. Neither the ADA nor the Rehabilitation Act apply to the military, and Sterling did not first exhaust his failure-to-accommodate claim by filing an EEO complaint. Accordingly, this Court lacks jurisdiction.

The ADA prohibits discrimination in employment, including the failure to provide reasonable accommodations for a known disability. *See* 42 U.S.C. § 12112(a). But "[t]he federal government has not explicitly waived sovereign immunity for claims brought under the ADA." *Ezell v. Dep't of the Army*, No. 5:16-cv-938, 2017 WL 2671091, at *3 (W.D. Tex. June 20, 2017). Indeed, the ADA's definition of employer expressly excludes the federal government and its

agencies. *See* 42 U.S.C. § 12111(5)(B). As a result, "the entire federal government is excluded from the coverage of the ADA." *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).

Instead, the Rehabilitation Act, which prohibits disability discrimination by federal funding recipients, is the "exclusive remedy" for federal employees claiming disability discrimination. *Carter v. Ridge*, 255 F. App'x 826, 829 (5th Cir. 2007); *see* 29 U.S.C. §§ 791, 794(a). The Rehabilitation Act adopts the procedures in 42 U.S.C. § 2000e-16. *See* 29 U.S.C. § 794a(a)(1); *Smith v. Potter*, 400 F. App'x 806, 811 (5th Cir. 2010) ("[T]he Rehabilitation Act . . . established a private right of action subject to the same procedural constraints (administrative exhaustion, etc.) set forth in Title VII of the Civil Rights Act." (quoting *Prewitt v. United States Postal Serv.*, 662 F.2d 292, 304 (5th Cir. Unit A 1981))). "As a precondition to bringing an action in federal court, a complaining employee 'must exhaust their administrative remedies by filing [the] charge of discrimination with the [Equal Employment Office ("EEO")] division of their agency.'" *Potter*, 400 F. App'x at 811 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).

The Rehabilitation Act does not waive immunity for claims by uniformed service members. *See* 29 C.F.R. § 1614.103(a), (d)(1) (providing that complaints of discrimination prohibited by the Rehabilitation Act "shall be processed in accordance with this part" and that "[t]his part does not apply to: . . . Uniformed members of the military departments"); *Brown v. United States*, 227 F.3d 295, 298 (5th Cir. 2000) ("Although 42 U.S.C. § 2000e-16(a) constitutes a waiver of the Government's immunity from suit, this waiver has been understood to apply only to suits by civilian employees of the military departments, and not members of the armed forces."); *see also Coffman v. Michigan*, 120 F.3d 57, 59 (6th Cir. 1997) (affirming dismissal of claims related to termination from military service because neither the ADA nor Rehabilitation Act "provide a remedy for discrimination based upon disability to uniformed members of the armed forces"); *Doe*

14

*v. Garrett*, 903 F.2d 1455, 1462 (11th Cir. 1990) (holding that uniformed military personnel have "no remedy under the Rehabilitation Act"). Although immunity is waived for claims arising from civilian positions, claims that originate from military status are not cognizable.

Sterling alleges a violation of the ADA based on the Navy's failure to provide him with reasonable accommodation for his morphine addiction, severe depression, and anxiety. More Definite Statement 3, ECF No. 12.[5] The Department of the Navy is a federal agency. *See* 5 U.S.C. § 102. As a result, Sterling's only avenue for relief falls under the Rehabilitation Act, not the ADA. But Sterling cannot recover under the Rehabilitation Act either. Sterling's claim arises from his uniformed military service, and the Rehabilitation Act does not apply to the uniformed members of the Navy. Additionally, although Sterling claims he exhausted his claims by pursuing relief before the BCNR, Compl. 3, he does not indicate that he exhausted his administrative remedies by first filing a complaint with the appropriate EEO division. Accordingly, Sterling's claim should thus be dismissed for lack of jurisdiction.

### 3.    Sterling's claims do not fall within the FTCA's waiver of immunity.

Although not expressly pleaded, Sterling claims an injury based on allegations that he received inadequate medical care for his morphine addiction. To the extent such a claim could be liberally construed as asserting a tort claim, Sterling fails to establish that his claims fall within the narrow waiver of sovereign immunity provided by the Federal Tort Claims Act ("FTCA").

The FTCA, subject to exceptions, waives sovereign immunity for certain tort claims. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991). The FTCA makes the United States liable in tort

---

[5] Sterling cites three cases that he says recognized ADA causes of action against the military. *See* More Definite Statement 3, ECF No. 12 (citing *Doe v. United States Navy*, 2018 WL 642814 (D.D.C. 2018); *Murphy v. United States*, 689 F.3d 862 (7th Cir. 2012); *Ehlert v. Ragan*, 549 U.S. 183 (2006)). These cases, however, do not appear to exist.

"in the same manner and to the same extent as a private individual under like circumstances." 28

U.S.C. § 2674. The United States may only be liable for certain damages:

> caused by the negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "[W]hether the United States has waived sovereign immunity pursuant to

the FTCA goes to the court's subject-matter jurisdiction . . . and may therefore be resolved on a

Rule 12(b)(1) motion to dismiss." *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013)

(citations omitted). Here, Sterling's claims suffer from several threshold issues that require

dismissal.

As an initial matter, Sterling improperly names individual government employees as

defendants. The FTCA waives sovereign immunity for claims against the United States, not its

component agencies or employees, for alleged negligent or wrongful acts or omissions committed

by Government employees acting within the scope of their employment. *See* 28 U.S.C.

§ 1346(b)(1). "It is beyond dispute that the United States, and not the responsible agency or

employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational

Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "Thus, an FTCA claim against a federal

agency or employee as opposed to the United States itself must be dismissed for want of

jurisdiction." *Id.* Here, Sterling named not only the United States as a defendant, but also the

Secretary of the Navy and the "commanding officer of the Naval Station Long Beach, California"

(an individual who does not exist). Sterling does not allege that either the Secretary or the

commanding officer acted outside the scope of their employment. Accordingly, neither the

Secretary nor the commanding officer would be proper defendants for any FTCA claim.

Second, Sterling claims that the failure to provide adequate treatment for his morphine addiction violated his Fourteenth Amendment rights. *See* More Definite Statement 2, ECF No. 12. But the FTCA does not waive sovereign immunity for alleged violations of the Constitution. *Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."). Sterling thus cannot show that his constitutional claim falls within the FTCA's limited waiver of sovereign immunity.

Finally, to avail himself of the FTCA's waiver of sovereign immunity, a plaintiff must first exhaust his administrative remedies by presenting an administrative tort claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). A claim is considered "presented" to the federal agency when written notification of an incident is filed with the agency and "accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a); *see also Montoya v. United States*, 841 F.2d 102, 104-05 (5th Cir. 1988) ("[V]alid notice requires a writing that informs the agency of the facts of the incident and the amount of the claim."). An administrative claim must be presented "within two years after such claim accrues." 28 U.S.C. § 2401(b).

Sterling claims that he exhausted his administrative remedies, citing a December 27, 2021 advisory opinion from the BCNR which found insufficient evidence that Sterling incurred PTSD during his military service or that his misconduct could be attributed to PTSD or another mental health condition. *See* Compl. 3, ECF No. 1; Compl. Exh. at 1, ECF No. 1-2. Sterling, however, does not specify whether he filed a claim within the two-year period required by the FTCA. *See supra* pp.8-10. Moreover, the advisory opinion concerned Sterling's claim that he suffered from "undiagnosed Post-Traumatic Stress Disorder (PTSD) and other mental health conditions during military service, which might have mitigated the circumstances that led to his discharge character

of service." Compl. Exh. at 1, ECF No. 1-2. The BCNR did not consider a potential tort claim that Defendants provided inadequate medical treatment for Sterling's morphine addiction or other mental health conditions.[6]

Accordingly, Sterling has not shown that he administratively exhausted any tort claims by first presenting them to the agency before filing suit. This Court should thus dismiss the Complaint for lack of jurisdiction because Sterling does not identify a waiver of sovereign immunity that would allow his claims to proceed.

## II.   This Court should dismiss the Complaint for failure to state a claim.

Finally, even under the less demanding standard afforded to pro se litigants, Sterling fails to allege sufficient facts to state a plausible Equal Protection Clause or ADA claim.

### A.   Sterling fails to state an equal protection claim under the Fourteenth Amendment.

Sterling does not state a plausible claim based on the violation of his constitutional rights. Sterling appears to assert a direct cause of action against the United States and Navy officials for violations of his Fourteenth Amendment rights. "Although there have been a few notable exceptions, the federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution." *Alexander v. Trump*, 753 F. App'x 201, 206 (5th Cir. 2018) (quoting *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980)). Additionally, Sterling's equal protection claim fails as a matter of law because the Fourteenth Amendment does not apply to the federal government. *See supra* pp.11-12. Regardless, "[t]he elements of an equal protection claim are that the plaintiff was treated differently than similarly

---

[6] Nor could it. The BCNR's function "is to consider applications properly before it for the purpose of determining the existence of error or injustice in the naval records of current and former members of the Navy and Marine Corps," 32 C.F.R. § 732.2(b), not to adjudicate tort claims.

situated individuals and the unequal treatment stemmed from a discriminatory intent." *Lowery v. Gonzales*, No. 23-10366, 2023 WL 8449215, at *1 (5th Cir. Dec. 6, 2023). Sterling has not pleaded any facts to show that different groups received different treatment or that any disparate treatment was the result of discriminatory intent. *See* More Definite Statement 2, ECF No. 12. Accordingly, Sterling fails to state an equal protection claim.

### B.  Sterling fails to state a discrimination claim under the ADA.

Sterling similarly fails to state a claim based on the failure to provide reasonable accommodations for his morphine addiction, depression, and anxiety. Neither the ADA nor the Rehabilitation Act apply here. *See supra* pp.13-15. Additionally, Sterling does not plead sufficient facts to establish a prima facie case for discrimination based on disability.

"To establish a prima facie case of discrimination under the Rehabilitation Act, 'a plaintiff must prove that (1) [he] is an "individual with a disability"; (2) who is "otherwise qualified"; (3) who worked for a "program or activity receiving Federal financial assistance"; and (4) that [he] was discriminated against "solely by reason of . . . his disability".'" *Houston v. Tex. Dep't of Agriculture*, 17 F.4th 576, 585-86 (5th Cir. 2021) (quoting *Hileman v. City of Dall.*, 115 F.3d 352, 353 (5th Cir. 1997)).[7] A plaintiff is "otherwise qualified" when (1) he "could 'perform the essential functions of the job in spite of [his] disability,' or, if [he] could not, (2) that 'a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job.'" *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (quoting *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)). "[W]here the disability, resulting limitations, and necessary reasonable accommodation are not open, obvious and apparent to the

---

[7] The elements and governing standards for disability discrimination claims under the Rehabilitation Act are operationally identical to the ADA. *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004).

employer, the initial burden rests primarily upon the employee to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) (quoting *Taylor v. Principal Fin. Grp.*, 93 F.3d 155, 165 (5th Cir. 1996)).

Sterling does not allege sufficient facts that would establish these necessary elements. Assuming Sterling qualifies as an individual with a disability, Sterling does not allege that he is "otherwise qualified." For example, Sterling does not explain that he could otherwise perform the essential functions as a military service member in spite of his addiction, depression, and anxiety. Nor does Sterling allege that he would be "otherwise qualified" despite the civilian drug conviction that led to his discharge. Additionally, the Complaint does not allege facts showing Defendants' awareness of Sterling's disabilities and limitations. In fact, Sterling does not identify the limitations posed by his addiction, depression, or anxiety in the Complaint. He similarly does not suggest reasonable accommodations that would enable him to perform the essential functions of his role, or that he requested that Defendants provide him with those accommodations. Finally, Sterling does not include allegations showing he was discriminated against solely due to his disability. Rather, Sterling was arrested by civilian authorities and convicted for possession of PCP with intent to distribute, which led to his discharge under other than honorable conditions. Compl. Exh. at 1, ECF No. 1-2. Thus, the Court should dismiss Sterling's failure-to-accommodate claim.

## Conclusion

For the foregoing reasons, this Court lacks subject-matter jurisdiction over Sterling's claims, and the Complaint fails to state a claim to relief. Defendants respectfully request that the Court dismiss the Complaint.

Dated: January 8, 2024

Respectfully submitted,

**Jaime Esparza**
United States Attorney

By:      */s/ David B. Goode*
**David B. Goode**
Assistant United States Attorney
State Bar No. 24106014
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 916-5850 (phone)
(512) 916-5854 (fax)
david.goode@usdoj.gov

*Attorney for Defendants*


## CERTIFICATE OF SERVICE

I certify that on January 8, 2024, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, and sent a copy by certified mail through United States Postal Service

to the following non-CM/ECF participant:

Victor Sterling
P.O. Box 142002
Austin, TX 78714
*Pro se*

*/s/ David B. Goode*
David B. Goode
Assistant United States Attorney